(Pleito No. 95.—Fallado el 23 de Octubre de 1900.)

## HERNAIZ CONTRA MAS.

RECURSO contra providencia dictada por la Corte de Distrito de San Juan.

RECURSO. No procede el recurso ante este Tribunal contra providencia ó sentencia del Tribunal inferior que no dé fin al juicio.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y tres de Octubre de mil novecientos, en el recurso de casación por infracción de ley, que ante este Tribunal Supremo pende, establecido por el Letrado Don Wenceslao Bosch, en representación de los sucesores de José Hernaiz, vecinos y del comercio de esta Capital, contra auto del Tribunal de Distrito de San Juan, dictado en el juicio ejecutivo seguido entre los referidos señores y Don Arturo Mas y Gelpí, del comercio y vecino de Caguas.—Resultando: Que en las diligencias de la vía de apremio del expresado juicio, se personó á nombre del ejecutado Don Arturo Mas, el Letrado Don Manuel F. Rossy, presentando demanda incidental sobre nulidad de actuaciones practicadas para el cumplimiento de la sentencia dictada, solicitando, apoyado en los fundamentos de hecho y de derecho que estimó convenientes y que no son del momento exponer, que se declarasen nulas las actuaciones practicadas á partir del auto de seis de Julio de mil ochocientos noventa y nueve, fólio 82 vuelto, hasta el seis de Abril del año actual de mil novecientos, con las costas á los demandados sucesores de José Hernaiz.— Resultando: Que á continuación de la demanda dictó el Tribunal el auto qne dice: "Puerto Rico, Junio treinta de mil novecientos.—Dada cuenta. Por presentado el anterior escrito con su copia simple, se admite la demanda incidental que se establece, y con entrega de la copia, dése traslado á la otra parte para que la conteste dentro del término de seis días.—Lo acordaron los Sres. del Tribunal y rubrica el Sr.

Presidente, certifico.—Juan R. Ramos.—Angel Acosta.—
Felipe Cuchí.—Ramón Falcón."—Y establecido contra el
mismo el recurso de reposición, dictó el Tribunal el que
sigue: "Puerto Rico, Julio veinte de mil novecientos.—
Resultando: Que el Abogado Don Manuel F. Rossy, á
nombre de Don Arturo Mas y Gelpí, ejecutado en estos
autos, formuló con fecha veinte y nueve del mes pasado
demanda incidental de nulidad de actuaciones, á partir del
folio 85, porque después de haber comparecido el Sr. Mas en
las diligencias de apremio de este ejecutivo, fué notificado
sucesivamente en estrado, sin que después de su compare-
cencia hubiese recaído ninguna declaración de rebeldía.—
Resultando: Que admitido el incidente, por providencia
de treinta de Julio próximo pasado, se mandó dar traslado
por término de seis días, con suspensión de los autos, al eje-
cutante, ó sea sucesores de José Hernaiz, quien evacuó el
traslado con la dirección del Letrado Sr. Bosch, pidiendo
reposición de la citada diligencia de treinta de Junio próximo
pasado, porque á su juicio se habían infringido por el Tri-
bunal los artículos 1,478, 1,524 y 1529 de la Ley de Enjui-
ciamiento Civil, según los cuales en los juicios ejecutivos no
caben otros incidentes que los de competencia y acumulación,
y que las cuestiones que respecto de la administración de la
finca ejecutada habrán de tramitarse con arreglo á la sustan-
ciación de los incidentes, y no encontrándose en ninguno de
esos casos la cuestión promovida por el ejecutado, no procedía
la admisión de ella.—Resultando: Que se dió traslado del
recurso de reposición interpuesto á la representación del Sr.
Mas, quien expresó que no había la infracción alegada por
el ejecutante, y se opuso á la reposición pretendida.—Consi-
derando: Que desde el momento en que este Tribunal
dictó su providencia de treinta de Junio próximo pasado,
admitiendo el incidente, mandando suspender el curso de los
autos y confiriendo traslado del escrito á la parte con-
traria, fué porque calificó dicho incidente de nulidad
de actuaciones y que por estar íntimamente relacionado

con la validez del procedimiento, debía ventilarse en estos mismos autos antes de seguir adelante, para que si se declaraba definitivamente con lugar, no se originaran gastos innecesarios á las partes, y en caso contrario convalidar las actuaciones practicadas á partir del folio 85. —Considerando: Que los artículos 1,428, 1,524 y 1,529 de la Ley de Enjuiciamiento Civil no son aplicables á este caso, que se concreta exclusivamente á la cuestión promovida sobre indefensión de una de las partes, cuestión que afecta á la forma del procedimiento, y cuya infracción motiva el recurso de casación por quebrantamiento de forma.—Considerando: Que por todas esas razones debe dilucidarse antes de seguir adelante en los autos, si procede ó no procede la nulidad pretendida por el ejecutado.—Vistos los artículos 740, 741, 743, 744, 1,478, 1,524 y 1,529 de la Ley de Enjuiciamiento Civil.—No ha lugar á reponer la providencia de treinta de Junio próximo pasado, y entiéndase que el término para contestar el traslado de la demanda incidental empieza á correr desde el día siguiente á la notificación de este auto, con costas.—Así lo acordaron y firman los Jueces del Tribunal, certifico.—Juan R. Ramos.—Angel Acosta.— Felipe Cuchí.—Ramón Falcón."—Resultando: Que contra el auto de veinte de Julio. que queda copiado, estableció y le fué admitido al Letrado Don Wenceslao Bosch recurso de casación, por infracción de ley, autorizado por el párrafo 78 de la Orden General número 118 de mil ochocientos noventa y nueve, y artículos 1,687 número 2? 1,689 número número 1? y 1,690 número 1? de la Ley de Enjuiciamiento Civil, citando como infringidos el artículo 1,478 de la misma ley y las sentencias del Tribunal Supremo de Madrid de cuatro de Junio de mil ochocientos noventa y treinta de Diciembre de mil ochocientos noventa y cinco y otras cuyos artículos y sentencias prohiben la admisión en los juicios ejecutivos de otros incidentes que los que nazcan de las cuestiones de competencia ó de acumulación á juicio universal; y al formalizar el recurso ante este

Tribunal, lo amplió con la cita como infringidos del artículo 1,477 de la Ley de Enjuiciamiento Civil y la de las sentencias de diez y siete de Marzo de mil ochocientos noventa y dos, catorce de Deciembre dé mil ochocientos noventa y uno, y ocho de Noviembre de mil ochocientos noventa y cuatro.—Resultando : Que señalado día para la vista, sin que se hubiese personado el recurrido, se personó á nombre de él el Letrado Don Manuel F. Rossy, y celebrada la vista, sostuvo el recurso el Letrado Sr. Bosch, impugnándolo el Licenciado del recurrido.—Visto, siendo Ponente el Juez Asociado Don Rafael Nieto Abeillé.—Considerando: Que las sentencias definitivas á que se refiere el número 1? del artículo 1,687 de la Ley de Enjuiciamiento Civil, son aquellas que terminan el juicio, como evidentemente se deduce del contenido del mismo artículo y del siguiente 1,688, y no tiene tal carácter el auto que admite una demanda, puesto que lejos de dar fin al juicio, permite su comienzo y dispone su continuación.—Considerando por tanto : Que no siendo la resolución recurrida de las que son susceptibles de casación, procede declarar no haber lugar á resolver el presente recurso, con las costas al recurrente.—Fallamos : Que debemos declarar y declaramos no haber lugar á resolver el recurso de casación interpuesto por los Sres. Sucesores de José Hernaiz, á los que condenamos en las costas ; y con certificación de esta sentencia, que se publicará en la *Gaceta* de esta Isla, devuélvase el expediente al Tribunal de Distrito de San Juan, para lo que sea procedente.—Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal

en el día de hoy, de que como Secretario certifico en Puerto Rico, á veinte y tres de Octubre de mil novecientos.—E. de J. López Gaztambide, *Secretario.*